UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5913-RAO Date: October 16, 2026
Title: Erdenebulgan Sambuu v. James Janecka et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 6, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 13, 2026. Dkt. No. 7 ("Ans."). Petitioner filed a Reply on October 14, 2026. Dkt. No. 8.

2. Factual Background

Petitioner, a citizen of Mongolia, entered the United States on March 11, 2026, on a B-1/B-2 visa. Pet. at 2. Petitioner has overstayed the time authorized in this country by his visa. *Id.* at 12. In the intervening 10 years, Petitioner has lived continuously in this country, never leaving. *Id.* at 2. He has supported himself and his family through steady work and has available sponsors. *Id.* at 17. In 2017, Petitioner has applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* at 18. His application remains pending. *Id.*

In 2018, Petitioner was charged with corporal injury on a spouse (Cal. Penal Code § 273.5) and assault by means likely to produce great bodily injury (§ 245(a)(4)), each with a great bodily injury enhancement. *Id.* at 14. The Petition states that the criminal matter was resolved with Petitioner pleading no contest in 2019 to first-degree burglary (§§ 459/460(a)), felony false imprisonment (§§ 236/237), and

misdemeanor battery on a spouse (§§ 242/243(e)(1)). *Id.* at 14. The Petition represents that Petitioner received a suspended sentence and was placed on four years of formal probation, but also states Petitioner was remanded into custody and released three months later. *Id.* at 15. Since this conviction, Petitioner has not been arrested, cited, or charged with any offense. *Id.*

On August 10, 2026, immigration officers opened an enforcement case against Petitioner. *Id.* at 19. Petitioner appeared for a scheduled appointment two days later, on August 12, 2026, for a biometrics appointment and was arrested and detained. *Id.* 19. Petitioner was not notified in advance that he would be taken into custody, was not served with any document, and was given no opportunity to contest his detention before it occurred. *Id.* at 20. Petitioner was taken to Adelanto ICE Processing Center where he remains. *Id.* at 21. On September 10, 2026, Petitioner requested a bond redetermination hearing and motion for release on bond. *Id.* at 22. A hearing was held on September 23, 2026, before an immigration judge. *Id.* The immigration judge denied bond on the basis of danger to the community, relying on Petitioner's criminal history. *Id.*

3. Discussion

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Petition alleges a procedural due process violation, a violation of Section 1226(a) of the Immigration and Nationality Act, and a substantive due process violation. Pet. at 24-35.

Regarding Petitioner's due process claims, Petitioner argues his detention without a pre-detention hearing violates the Fifth Amendment and his rights to due process. *Id.* at 24-31. Due process, which extends to noncitizens present in the United States, prohibits deprivation of liberty without affording notice and an opportunity

to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A noncitizen who has previously been detained and then released on supervision and complies with the conditions of release has a constitutionally protected interest that may require a pre-deprivation hearing before being re-detained. *See, e.g., Singh v. Semaia*, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026).

Due process claims are analyzed using a two-step framework: First, determine whether an individual has a protected liberty interest; second, examine what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Because Petitioner has some liberty interest in remaining out of custody, the Court considers the *Mathews* factors. Regarding the first factor, Petitioner's liberty interest is limited. While he has lived in this country for 10 years, it appears that immigration authorities have not evaluated whether he is a danger to the community or a flight risk. Under 8 U.S.C. § 1226(a), which governs Petitioner's detention, the government has the authority to arrest and detain noncitizens pending removal proceedings. Because this is Petitioner's first detention (not a re-detention), the Court finds Petitioner is situated differently from noncitizens who have been detained and then released on conditions of supervision.

As to the next *Mathews* factor, because Petitioner has not been assessed for danger or flight risk, providing him with a post-detention hearing—rather than a pre-detention hearing—would pose only a low or moderate risk of erroneous deprivation of liberty. *See Rodriguez Diaz*, 53 F.4th at 1209-10 (finding small risk of erroneous

deprivation where detention is under Section 1226(a) which provides procedural safeguards); *see also Singh v. Bowen et al.*, 2026 WL 2970609, at *3 (C.D. Cal. Oct. 2, 2026).

Third, the government has a significant interest in enforcing the immigration laws and, in furtherance of that interest, in preventing noncitizens from remaining in this country illegally. *See Rodriguez Diaz*, 53 F.4th at 1208 (citing *Demore v. Kim*, 538 U.S. 510, 515, 528 (2003)). Where the government has had no opportunity to assess whether a noncitizen is a danger or flight risk, the government's interest in detaining the person at least initially is significant. *Singh*, 2026 WL 2970609, at *3.

Having weighed the *Mathews* factors, the Court concludes that Petitioner was not entitled to pre-detention notice and a hearing. Further, the post-detention hearing before an immigration judge pursuant to Section 1226(a) provided adequate due process safeguards. *See, e.g., Okoth v. Kaiser*, 2026 WL45199, at *2 (E.D. Cal. Jan. 7, 2026) (finding no entitlement to pre-detention hearing where petitioner had not been detained previously and released on bond).

To the extent Petitioner's Section 1226(a) claim asserts that his warrantless arrest violates 8 U.S.C. § 1357(a) and the applicable regulations, *see* Pet. at 32-33, the Court finds release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same); Singh, 2026 WL 2970609, at *4 (same).

///

///

4. Conclusion

For the reasons set forth above, the Court DENIES the Petition.[1]

**IT IS SO ORDERED.**

[1] Both the Petition and the Reply make clear that Petitioner is not challenging the adverse September 23, 2026, ruling of the immigration judge denying bond. Therefore, the Court does not address the issue of exhaustion or the immigration judge's ruling.